UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DENNIS,

    Petitioner,

vs.

KENNETH MCKEE,

    Respondent.

_____/

Civil Action No.
06-CV-11928

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, and GRANTING RESPONDENT'S MOTION TO DENY THE PETITION

This matter is presently before the court on a petition for a writ of habeas corpus. Respondent has filed a response requesting that the petition be denied, and petitioner has filed a reply. Magistrate Judge Paul J. Komives has issued a report and recommendation in which he recommends that the petition be denied. Petitioner has filed objections. The court reviews those portions of the report and recommendation to which a specific objection has been made. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). For the reasons stated below, the court shall overrule petitioner's objections, accept the report and recommendation, and deny the petition.

Petitioner first objects to the magistrate judge's analysis of his "failure to investigate identification" claim. While difficult to follow, petitioner's argument appears to be that he was deprived of the effective assistance of counsel because his trial attorney failed "to investigate Durrett," a trial witness who identified petitioner as one of two persons (the other being the co-defendant, Hunter) whom she saw holding a gun on the night of the homicide petitioner was convicted of committing. Durrett's trial testimony was that she saw Hunter hand a gun to petitioner.

In her statement to the police, which was read to the jury, Durrett stated the victim was shot three times and that one person fired all three shots. Petitioner admitted to shooting the victim once, but claims he shot "low" and did not deliver the fatal shot to the victim's head.

Petitioner's objections do not indicate what type of investigation he believes his attorney should have conducted. Petitioner's trial attorney cross-examined Durrett extensively about her faulty recollection of events, the circumstances of the line-up (at which she identified no one), inconsistencies between her testimony at the preliminary examination and at trial, and whether she was pressured by family members to identify petitioner. Petitioner has failed to show that his trial attorney's performance was substandard or that petitioner was prejudiced by anything his trial attorney did or failed to do. Petitioner's ineffectiveness claim under *Strickland v. Washington*, 466 U.S. 668 (1984), fails utterly.

Petitioner next argues that his trial attorney was ineffective because he failed to challenge the voluntariness of petitioner's confession. The court agrees with the magistrate judge's analysis of this claim. The Michigan Court of Appeals concluded that petitioner's trial attorney acted reasonably in presenting petitioner's confession that he shooting "low" in an effort to show that petitioner was acting in self defense or in defense of others. Under the circumstances, this was a decision regarding trial strategy which falls within the "wide range of professional assistance" recognized by *Strickland*. The Michigan Court of Appeals' rejection of the claim was not contrary to established law, and therefore no habeas relief is available.

Finally, petitioner objects to the magistrate judge's recommendation that his request for an evidentiary hearing be denied. However, petitioner does not show any error in the magistrate judge's reasoning. As the Supreme Court has stated, no evidentiary hearing is required "if the

2

record refutes the applicant's factual allegations or otherwise precludes habeas relief." In the present case, the record conclusively establishes that petitioner's trial counsel rendered effective assistance within the range recognized by *Strickland*. An evidentiary hearing would be pointless. Accordingly,

IT IS ORDERED that Magistrate Judge Komives' Report and Recommendation is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that the petition is denied.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: August 15, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on August 15, 2007, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager